Good morning. My name is Bill Janago, and I represent the Petitioner-Appellant Marcellina Corrales. This case turns on the significance of the not guilty verdict that the jury wrote in the verdict form as to Count 1. There's three different ways that you might be able to interpret that not guilty verdict. One is that it's an implied acquittal as to the overall conspiracy that was charged in Count 1. And if that is, in fact, the way that it's interpreted, it means that Mr. Corrales was, in fact, acquitted. The second way to read that not guilty verdict would be that it effectively separated the single overall conspiracy that was charged in the Count 1 of the indictment into two separate conspiracies. And by doing that, basically nullified the protection that the jury instruction on separate conspiracies had been given to the jury. And the third thing you could do is say it doesn't mean anything. Well, I think the third thing would be what the government's saying is that there was one conspiracy with two objectives and separate findings on the objectives. And I'm not making there – I'm just in terms of if we want to focus, what are the arguments? I understand. And the reason that argument doesn't work is because that's not what the verdict form says. And if nothing else, the Court should make it very clear in this case what a properly constructed special verdict form would say in this kind of case. It would have a guilty or not guilty verdict as to the conspiracy. And then it would say, given that the person was part of this overall single agreement, which objective did he or she agree to? Well, I guess just since this is all – it's all kind of included in this, and this was a question that I had anyway since you go there, is the Court obviously told the jury, gave some instructions first, and then said then to get to the special verdicts. And then included in the record you have that defense counsel says that the special verdict is a good idea. And I think that the judge goes even further. It's, I don't know, not a good idea, but maybe a great idea or something along those lines. Now, that being the case, why isn't this invited error a waiver? It's not – you know, defense counsel didn't have a problem with this at the time. And obviously, you know, after you're not acquitted of both of them or whatever you want to say, then now it's a problem. That would then get to the third – Well, the IAC that you're claiming. That's exactly right. I think that – and I think that admittedly that's probably the hardest part of the case for me. I think that that's something that is in the record and I've got to address. I did address it. And I think that if you look at it, everybody just missed it. And quite frankly, that is objectively unreasonable. When you get back a jury verdict and it says not guilty on it, that means something. You just can't say, well, it doesn't really amount to anything. And I think that the question is – Well, except there's a definition of conspiracy that the court says, you know, or an instruction, as it were, that the court says, you know, this is what a conspiracy is. And then you need to – and then there's a lot of testimony in the record about that there's sales of cocaine and that there's sales of marijuana. And so then – I mean, then the court basically explains and you need to look further. And apparently, you know, I mean, one way to look at it is that the jury felt that your client was involved in the conspiracy that had to do with the, you know, the sale of cocaine but wasn't really involved in the selling of the marijuana or it wasn't proven beyond a reasonable doubt or whatever. Judge Callahan, I think we could speculate to the end of the day about what the jury intended by this. I think one certainly plausible speculation is that what they meant to do is to find that he agreed to one of the objects, which was the objective of importing cocaine, but that he did not agree to the other object. But unfortunately, or fortunately for Mr. Corrales, I suppose, that's not what the verdict form says. It says, as to count one, we find the defendant, Marcelino Cantalas Corrales, not guilty of knowingly and intentionally conspiring to distribute marijuana. And so it specifically references the conspiracy and it's the wording of the form that is the problem. That's why the point I made earlier is that if nothing else, the court needs to address what a properly constructed special verdict would be in this kind of case. And the government legitimately asked for one. The defense legitimately joined in that request because it does become important for purposes of sentencing. But the way to do that is to make sure the jury understands that it still is one separate conspiracy or one overall conspiracy that they have to find the defendant guilty or not guilty of. And the reason that is so important in this case is if it was just a case like Ohlone where they say they can't separate marijuana and cocaine as separate parts of a conspiracy. Judge Ferguson, it was. The government can't do that? Yes, the government can do that. And that's in fact what they did in this case, Judge Ferguson. And what the verdict form should have said is that we, the jury, find the defendant guilty or not guilty of conspiring as charging Ohlone. Then it would say and we find the defendant agreed to these objects. And the reason that's so important, Judge Ferguson, is because if you look at the excerpts of record on page 95 and 96, it's where the judge gives the protection that a defendant is entitled to in a multiple conspiracy case. What he says is that if you find the conspiracy charge did not exist, then you must return a not guilty verdict on count one, even though you might find that some other conspiracy existed. So if what they found in this case that was that Mr. Corrales entered into a conspiracy to distribute cocaine, that means he's entitled to an acquittal on count one. That's what this instruction says. And the only way that you can ensure that protection of the instruction is provided is by using a properly constructed verdict form. Well, except for what the jury was instructed is, jury instruction 15 informed the jury that they must decide whether a conspiracy charge in count one of the indictment existed. Jury number, instruction number 14 informed the jury that they must determine if there was an agreement between two or more persons to commit one or both of the objects of the, one or both of the objects of the conspiracy. Moreover, jury instruction number 14 stated to the jury that you must find that there was a plan to commit at least one of the crimes alleged in the indictment as the object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit. The jury was directed to decide whether the conspiracy charged in count one of the indictment existed. Lastly, the jury was informed that if you find that the charged conspiracy did not exist, did not exist, then they must return a not guilty verdict on count one, even if they may have found that some other conspiracy existed. That's exactly, that's exactly the problem. I don't know. I understand that. And, you know, there's a lot of jury instructions I don't understand, but this one I understand. Well, and, and if, and if the, if the special verdict had not been given, those instructions would have been perfectly proper. But what happened is that if you look at the form, it then divides it up for the jury into two separate conspiracies. So they never were confronted with the decision of, well, was he guilty of the overall conspiracy or not? The verdict form broke it up into two separate conspiracies, and that's the problem. And the reason it's so prejudicial in this case is because, remember what the government did. They took a conspiracy that had at its top the Arellano Felix brothers. I mean, they are one of the largest, if not the largest Mexican drug, drug cartels. Do you want to save any time for rebuttal? I do, and I was going to save a minute. I'm down to 49 seconds. Okay. Go ahead. But the point is that they took a conspiracy that went from 86 to 94, and threw all of that evidence against the wall, against Mr. Corrales, even though he was supposedly involved, at least the acts were, from late 91 to early 92. They put on evidence about gunfights, about torture, about lieutenants. I mean, all of this terrible testimony, this was a huge conspiracy. And he had a good separate conspiracy defense, and this took it away. And that's why it was prejudicial. Okay. I'm going to have you answer Judge Fletcher's question, and I'll save you one minute for rebuttal. Okay. Now, in this case, this issue was not raised on direct appeal. Is that right? That's right, Judge Fletcher. So we have to look at this through the filter on the prism of incompetence of counsel. That's correct. You'd have to find that. And so I really – that's my problem. I haven't really heard about that. Maybe in your rebuttal time you can. I will address that. Thank you. Good morning. Good morning. I'd like to start with Judge Fletcher's question that she ended with, which was, is there incompetence here of counsel? And I would say that counsel made a strategic decision to go after all of the witnesses that the government put on the stand. He called them scum. He called them any number of names in connection with their testimony. His own client, Mr. Corrales, testified during the trial. He denied any knowledge of these individuals. That was the strategy that was undertaken in this case. I think that is an important factor that the Court needs to look at in trying to make a determination whether this special verdict form really in any way took away an opportunity for him to present a defense. I think Judge Moskowitz, in reviewing the 2255 appeal, addresses that issue very clearly, and he found that there was sufficient evidence to link Mr. Corrales to the single conspiracy charge in Count 1. In addition to that, he went on to talk about the special verdict form as not, in this case, when taken in conjunction with all of the other jury instructions. So what you're saying is that he would have put on the same defense regardless of this because his defense was that he didn't know any of these people and he had nothing to do with any of it. That was his defense. So it wasn't that he was differentiating between the marijuana and the cocaine? In this particular case, there was no evidence put on in this case related to marijuana as to Mr. Corrales. One of the witnesses, Mr. Gonzalez, actually talked about marijuana trafficking with Mr. Corrales' I guess his leader or boss, Albino Quintero-Moraz, an individual that he was linked to as a family member, and that was the only reference to marijuana. So I think that supports the government's position here as well as the court's analysis. Why did you allege marijuana then when you knew you couldn't win it? Well, in this particular case, there were other co-defendants who were involved with the marijuana aspect. That's not my question. Why did you even discuss or think about putting marijuana in this case when you knew you couldn't win it? As to this particular defendant, there was no evidence that would necessarily link him to the marijuana as one of the objects. It was a charge in the count as part of the overall conspiracy that was charged. Other individuals charged in this indictment were involved in the marijuana, and that's the reason it was charged. And that's why it was so important to request of the jury their determination. And I blew this up because it's really important. And I think Mr. Genego makes a very good and important point. Obviously, in the best of all worlds, we would make that request. Would you find it a determination as to the conspiracy? Maybe. Maybe. Maybe there's a prejudicial joiner then. There is no prejudicial joiner here. He always goes down here to B, where it finds not guilty as to the marijuana. What he fails to do is that in the very beginning, it says, as to count 1, we find the defendant. I'm not talking about the verdict. I'm talking about a conspiracy involving cocaine and marijuana. Correct. Now, this defendant had nothing to do with marijuana, and you knew he had nothing to do with marijuana, yet you include him with the marijuana defendants. Well, Your Honor, as to whether... Isn't that a prejudicial joiner? Whether this is a prejudicial joiner, I would have to begin again and begin the analysis. I don't think that the jury was in any way thrown by the request to determine whether he was involved. And, in fact, their determination that he was not involved is a clear indication that they were paying very close attention and linked him to the cocaine as it was charged and not to the marijuana. So I don't think it was prejudiced in any way in a joiner analysis in connection with the conspiracy as it was charged. I would ask the Court then, moving on to determine whether there was any constructive amendment of the charge here, I would go back to the analysis by the district court, in which, again, you have to take a close look at the overall jury instructions combined with the special verdict form. And I think the instructions that Judge Callahan read directly on point during Instruction 14 and during Instruction 15, where they asked you have to determine which objects, one or both, that he agreed to conspire to distribute, and you have to unanimously make a decision. So I think those kind of jury instructions, taken in conjunction with a special verdict form, certainly lead one to the correct result, which is that there was no constructive amendment of this particular conspiracy charge. Does the Court have any other questions with regard to? There do not appear to be any other questions. Thank you for your argument. Counsel, since we've focused it for you now, I'll give you two minutes to respond to the IAC. Thank you very much. All right? Thank you. The IAC issue is addressed beginning on page 45 of my opening brief. And essentially, Judge Fletcher, there's a procedural default because it wasn't raised in the direct appeal. I acknowledge that. Coleman v. Thompson, Wainwright v. Sykes, both cited in my brief, say that you can excuse procedural default by incompetence of counsel. It was objectively unreasonable for Mr. Corrales' lawyer not to say when this verdict came back not guilty, well, that means he's acquitted of count one. And it was also objectively unreasonable for him not to say, listen, this  It was a strategic decision on instruction 15, which is the separate conspiracy defense. And the government's point that this was a strategic decision cannot be used to avoid that result because we never had a hearing in this case. Judge Moskowitz, although he said there was not incompetence of counsel. Well, I think the only thing that could defeat that would be if there was no prejudice, if they weren't good motions. That's true. If there was no prejudice. But I think that then you go, that's sort of a little different than the ISC. I think, I mean, they come out the same way. But under Strickland, you've got to get to the second prong. And so the motion would have to be, assuming that they should have been filed, they would also have to be some likelihood that you'd be successful. Absolutely, Judge Callahan. And I think that if you look at the separate conspiracies here, he really wasn't part of this 1986 to 1994 Arianna Felix Brothers conspiracy. And he was part of a little separate conspiracy at best. The government couldn't convict him of that little separate conspiracy, though, unless they threw all this other evidence against the wall. And that's where there was a good argument for this defense. My point is that if the government is trying to say this was a strategic decision not to argue this, which is what they seem to be saying, then we need an evidentiary hearing because there's no evidence it was a strategic decision. The lawyer never said it was a strategic decision. And Judge Moskowitz didn't say it was a strategic decision. So at least we should get an evidentiary hearing where we have testimony from a lawyer knowing why he didn't erase it. If it was a strategic decision and he says that and his testimony is not credible, then we lose. Are you like I am? You can't talk without your hands? On that note, I'll end. All right. Thank you for your argument. This matter will stand submitted.
judges: B. Fletcher, Ferguson, Callahan